UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH FRANCIS, | ) | C/A No. 4:08-3871-HFF-TER |
| | ) | |
| Petitioner, | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN, Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

I.  **INTRODUCTION**

Petitioner, Christopher Joseph Francis, (Petitioner/Francis) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 25, 2008. Respondent filed a motion for summary judgment on June 22, 2009, along with a return and supporting memorandum. The undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response in opposition to the motion for summary judgment on July 23, 2009.

II.  **PETITIONER'S MOTION FOR ENTRY OF DEFAULT**

On March 18, 2009, the undersigned entered an Order directing Respondent to file a Return and Memorandum by May 11, 2009. On May 8, 2009, Respondent moved for an extension of time

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

until June 10, 2009, which was granted by the undersigned. On June 18, 2009, Petitioner filed a Motion for Entry of Default for Respondents failure to file its Return and Memorandum by the June 10, 2009, deadline. On June 19, 2009, Respondent filed a second Motion for Extension of time in which it argued that the deadline for the Return had inadvertently not been calendared. Respondent moved for an extension until June 26, 2009. The undersigned entered an Order granting the Motion pursuant to Rule 55(c), Fed.R.Civ.P.

In the Order (Document # 27) dated June 22, 2009, the undersigned found good cause to allow Respondent to file its Return and Memorandum outside the deadline. Further, as other courts have noted, "[w]ere district courts to enter default judgments without reaching the merits of [habeas] claim[s], it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." United States v. Dill, 555 F.Supp.2d 514, 521 (E.D.Pa. 2008) (citing Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir.1984)); Worrell v. U.S. Parole Commission, 2008 WL 4137680 (N.D.W.Va. 2008). Accordingly, it is recommended that Petitioner's Motion for Entry of Default (Document # 23) be denied.

### III. PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is presently confined to the Evans Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Lancaster County. At the April 2002 term, the Lancaster County Grand Jury indicted Petitioner for armed

robbery and possession of a firearm during commission of a violent crime (02-GS-29-0562 & -0563).

Petitioner was represented at the trial level by Ross Burton, Esquire. On October 9th, 2002, Petitioner pled guilty to both charges before the Honorable Kenneth Goode. Pursuant to a negotiated plea agreement with the prosecution, Judge Goode sentenced Petitioner to the minimum sentences for his crimes – ten (10) years in prison for armed robbery and a concurrent five (5) years in prison for possession of a firearm.

Petitioner apparently filed a notice of appeal. However, the South Carolina Court of Appeals issued an Order on November 6th, 2002, in which it dismissed the appeal for failure to serve the notice of appeal within the required time period. The Remittitur was issued on November 22nd, 2002.

Petitioner next filed his pro se Application for Post-Conviction Relief ("APCR") on May 22nd, 2003 (03-CP-24-0500). In his Application, Petitioner raised the following claims:

(1) Ineffective assistance of counsel.

Petitioner then filed another pro se APCR on October 11th, 2003 (03-CP-29-961), in which he raised the following claims:

(1) Ineffective assistance of counsel.

(2) Violation of 4th Amendment.

The two cases were consolidated by order of Judge Goode dated December 29th, 2003. The State filed a Return through Assistant Attorney General Molly Crum on June 16th, 2004. Meanwhile, Petitioner filed his first federal habeas corpus action (05-cv-2726). Following a return and motion for summary judgment by the officers of the State, as well as a supplemental return, the

undersigned issued a Report and Recommendation on May 11th, 2006, recommending the habeas petition be dismissed without prejudice because of pending state remedies.

Following objections by Petitioner, United States District Judge Henry F. Floyd issued an Order on June 13th, 2006, in which he accepted the Report and Recommendation and dismissed the action without prejudice. Petitioner then sought an appeal with the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit denied the certificate of appealability and dismissed the appeal on November 22nd, 2006. The mandate issued on December 14th, 2006.

An evidentiary hearing in Petitioner's APCR was held on February 28th, 2007 before the Honorable Brooks P. Goldsmith. Petitioner was present and represented by counsel, Willaim R. Sims, Esquire. Petitioner called himself and his mother to testify. The State called trial counsel Ross Burton. On April 20th, 2007, Judge Goldsmith issued an Order of Dismissal rejecting Petitioner's claims and dismissing the APCR.

Petitioner then filed a notice of appeal from the order dismissing the APCR with the South Carolina Supreme Court. On July 25th, 2008, the state supreme court issued an order dismissing the PCR appeal for failure to provide necessary information as required by Rule 203(d)(1)(B), SCACR. The Remittitur was issued on August 12th, 2008.

Petitioner then filed a second pro se Application for Post-Conviction Relief ("APCR2") on August 25th, 2008 (08-CP-29-0973). In this Application, Petitioner raised the following claims:

Ineffective assistance of PCR counsel.

Petitioner was appointed counsel Charles T. Brooks, III. On January 23rd, 2009, the State filed a Return and Motion to Dismiss, asserting the APCR2 was time-barred and impermissibly successive. Petitioner attaches to his Response a Form 4 Order on his APCR2, dated May 29, 2009.

However, Petitioner has not included a copy of the attachment to the Form 4 Order and, thus, the court is unaware of the disposition of the APCR2. A review of the state's online docket for the APCR2 reveals that a Conditional Order of Dismissal was filed on May 29, 2009, to which both Petitioner and Respondent filed responses. No final order has been entered in the case.

## IV. GROUNDS FOR RELIEF

The following grounds are raised in the Petition:

**Ground One:** Ineffective assistance of counsel.

**Supporting Facts:** Plea counsel was ineffective for failure to file a motion to suppress evidence that was obtained in violation of the 4th Amendment.

## V. SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## VI. STANDARD OF REVIEW

Since Francis filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the

AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

**VII.  PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

    A.    Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

    B.    Procedural Bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal

habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,
> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the

claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

  C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

  D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477

U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VIII.  ANALYSIS

Respondent argues that the statute of limitations to file a habeas petition has run and, in the alternative, that the Petitioner has failed to exhaust state remedies. Respondent also argues that dismissal of Petitioner's Petition is appropriate on the merits. Because the undersigned finds that this action should be dismissed without prejudice to allow Petitioner to exhaust all state remedies, the undersigned declines to address the statute of limitations issue or the merits of the Petition at this time.

In Petitioner's APCR2, he argues that his PCR counsel was ineffective for his failure to notify Petitioner of the Order of Dismissal entered in the first PCR action and for his failure to timely file an appeal. He asks the court to allow him to file a belated appeal pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (S.C. 1991)[2] from the denial of the APCR and that the matter be transferred to the Office of Appellate Defense so that proper assistance can be provided in perfecting his appeal.

A search of case records on the South Carolina Judicial Department website (www.sccourts.org) reveals that a Conditional Order of Dismissal[3] was filed on May 29, 2009 on Petitioner's APCR2, to which both Petitioner and Respondent filed responses. No final order has been entered in the case. It appears that the state court has not yet decided whether to allow Petitioner to file a belated appeal from the ruling on his first APCR. If the court does allow the

---

[2] "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 337 S.C. 256, 523 S.E.2d 753 (S.C.1999). See also King v. State, 308 S.C. 348, 417 S.E.2d 868 (S.C.1992) (explaining the appellate procedure in an Austin matter).

[3] South Carolina provides for conditional orders of dismissal in PCR actions:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

S.C. Code Ann § 17-27-70(b) (2003).

belated appeal, then an avenue of state relief would still be available and Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. See, e.g., Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). Thus, dismissal of this action without prejudice to allow Petitioner to fully exhaust his claims is appropriate. See Rose, 455 U.S. at 515.

## IX. CONCLUSION

For the reasons set forth above, it is recommended that Petitioner's Motion for Entry of Default (Document # 23) be denied, Respondent's Motion for Summary Judgment (Document # 25) be granted in part, and the case be dismissed without prejudice to allow Petitioner the opportunity to exhaust all state court remedies.

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

February 4, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**