

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH FRANCIS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-3871-HFF-TER |
| | § | |
| WARDEN, Evans Correctional Institution, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's motion for entry of default be denied, Respondent's motion for summary judgment be granted in part, and the case be dismissed without prejudice to allow Petitioner the opportunity to exhaust all state court remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 4, 2010, Respondent filed objections on February 22, 2010, and the Clerk of Court entered Petitioner's objections to the Report on February 23, 2010.

Before analyzing the parties' objections, it is important to understand the procedural history of Petitioner's state court proceedings. On October 9, 2002, Petitioner pled guilty and was sentenced in the Lancaster County Court of General Sessions to ten years in prison for armed robbery and possession of a firearm during the commission of a violent crime. (Pet. 2.) Petitioner appealed, but the South Carolina Court of Appeals dismissed the appeal on November 6, 2002, for failure to timely serve the notice of appeal. (Resp't's Mot. for Summ. J. Ex. 4.) The Remittitur was issued on November 22, 2002. (Resp't's Mot. for Summ. J. Ex. 5.)

Petitioner filed his first application for post conviction relief (PCR) on May 22, 2003, asserting a claim for ineffective assistance of counsel. (Resp't's Mot. for Summ. J. Ex. 6.) He filed another PCR on October 11, 2003, asserting claims for ineffective assistance of counsel and violation of the Fourth Amendment. (Resp't's Mot. for Summ. J. Ex. 7.) The two applications were consolidated on December 29, 2003. (Resp't's Mot. for Summ. J. Ex. 8.) By order dated April 20, 2007, Judge Brooks Goldsmith issued an opinion rejecting Petitioner's Fourth Amendment and ineffective assistance of counsel claims and denying Petitioner's first application for post-conviction relief. (Resp't's Mot. for Summ. J. Ex. 11.)

At this point, the parties' versions of events and legal conclusions drawn from those events differ. Given the posture of the case, the Court will recount Petitioner's version. According to Petitioner, he failed to receive notice of the PCR court's dismissal until a "whole year" after the order was entered. (Pet'r's Resp. in Opp'n to Summ. J. 1.) To support his position, Petitioner

attached a letter he wrote to the state court administrate judge dated June 11, 2007, inquiring about the status of his first PCR. (Pet'r's Resp. in Opp'n to Summ. J. Ex. A.) Viewing the evidence in the light most favorable to Petitioner, it appears that Petitioner failed to receive notice of the disposition of his PCR until on or about April 20, 2008.

Petitioner appealed the denial of his first PCR to the South Carolina Supreme Court on May 2, 2008, and on July 25, 2008, the court dismissed Petitioner's appeal for failure to provide information vital to the appeal as required under South Carolina Appellate Court Rule 203(d)(1)(B). (Resp't's Mot. for Summ. J. Ex. 12-14.) A remittitur was issued on August 12, 2008. (Resp't's Mot. for Summ. J. Ex. 15.)

Petitioner filed his second PCR on August 22, 2008. (Pet. 4.) That PCR was still pending at the time the Magistrate Judge filed the Report. In the Report, the Magistrate Judge recommended that the case be dismissed to allow Petitioner an opportunity to exhaust his state court remedies. In reaching this conclusion, the Magistrate Judge noted,

> A search of case records on the South Carolina Judicial Department website (www.sccourts.org) reveals that a Conditional Order of Dismissal was filed on May 29, 2009 on Petitioner's APCR2, to which both Petitioner and Respondent filed responses. No final order has been entered in the case. It appears that the state court has not yet decided whether to allow Petitioner to file a belated appeal from the ruling on his first APCR. If the court does allow the belated appeal, then an avenue of state relief would still be available and Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *See, e.g., Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983). Thus, dismissal of this action without prejudice to allow Petitioner to fully exhaust his claims is appropriate. *See Rose*, 455 U.S. at 515.

(Report 13-14.)

In his Objections, Petitioner provided the Court with an update of what has occurred in his case since the Magistrate Judge filed the Report. Petitioner stated,

> On February 9, 2010, Petitioner had a hearing in Lancaster County with the Honorable Brooks P. Goldsmith presiding. Respondent, represented by Suzanne H. White, Esquire, conceded that Petitioner indeed had a right to have a belated appeal granted. Upon motion by Respondent the court rescinded an erroneous order dated July 28, 2009 and entered judgment in Petitioner's favor. As of the date of this pleading, the order has not been officially filed but verification that judgment was rendered in Petitioner's favor can be had from Petitioner's counsel, Mr. Charles T. Brooks III.

(Pet'r's Objections 1.) The state court order Petitioner refers to was issued on March 9, 2010, and Respondent filed a copy of that order on March 24, 2010 [docket entry 41]. In that order, Judge Goldsmith granted Petitioner a belated appeal of his first PCR because his attorney failed to properly advise him of his appellate rights.[1] Thus, Petitioner still has avenues of relief available in state court, rendering appropriate the Magistrate Judge's recommendation.

Before considering the parties' specific objections, the Court notes that Petitioner raises only one ground for relief in his habeas petition: ineffective assistance of counsel for failure to move to suppress evidence found in violation of the Fourth Amendment. This same argument was presented and rejected by a state judge in Petitioner's first PCR. (Resp't's Mot. for Summ. J. Ex. 11.) Within the last few weeks, Petitioner has been granted the opportunity to appeal that PCR decision. Thus, the same issue that is before the Court will soon be presented to the South Carolina Supreme Court.

---

[1] Federal courts are allowed to take judicial notice of proceedings in other courts of record. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

### A. Petitioner's Objections

Despite admitting the he has been given an opportunity to file a belated appeal of his first PCR, Petitioner objects to the Magistrate Judge's Report, and he urges the Court to reach the merits of his habeas challenge because of the inordinate delay in the state's post conviction relief process.

Petitioner makes several arguments related to the delay in the state's process. First, Petitioner argues that the exhaustion requirement should be excused because, under 28 U.S.C. § 2254(b)(1)(B)(ii), "there is an absence of available state corrective process." (Pet'r's Objections 5.) However, Petitioner's objection as to the "absence of available state corrective process" is without merit because, as noted above, Petitioner has recently been granted an opportunity to appeal from the denial of his first PCR. Should the appellate court find merit in Petitioner's arguments, then the state courts will be positioned to provide relief to Petitioner.

Second, Petitioner contends that the delay by the state courts in processing his post conviction relief application has resulted in a denial of due process, which should be sufficient to excuse the exhaustion requirement. (Pet'r's Objections 6.) "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, No. 94-6424, 1995 WL 48002 at *1 (4th Cir. Feb. 8, 1995). Furthermore, "undue delay in processing an appeal may rise to the level of a due process violation." *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984). In determining whether delay in state court rises to the level of a due process violation, courts in this circuit consider the same factors applied in the speedy trial context: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 382.

However, in this case, the Court need not consider these factors because there has not been a significant delay by the state appellate courts.[2] As noted above, only within the last few weeks was Petitioner granted the opportunity to file a belated appeal to his first PCR. Thus, there has not been inaction or inordinate delay at the current stage of Petitioner's PCR proceedings. Moreover, Petitioner fails to present any argument as to why the South Carolina Supreme Court would not resolve his appeal in a timely manner. Admittedly, the Court is troubled by the fact that Petitioner's first state PCR took nearly four years to complete. However, the state court did issue an opinion, and it is that opinion that Petitioner has only recently been granted the opportunity to appeal. Out of respect and comity for the state appellate courts, this Court will not interfere with an appeals process that has just begun.

Third, and finally, Petitioner argues that the "deferential standard of review [applied by the state appellate court] makes the state corrective process predetermined and futile." (Pet'r's Objections 8.) In other words, Petitioner argues that even though he has been granted an opportunity to appeal the denial of his second PCR, the state appellate court will likely deny his appeal, rendering the exhaustion requirement futile. Petitioner is correct that the exhaustion requirement "does not require the doing of a futile act, and if it is obvious that the state courts will afford no relief, a petitioner is not obligated to go through a needless state court proceeding." *Ham v. State of North Carolina*, 471 F.2d 406, 407 (4th Cir. 1973).

---

[2]The South Carolina Court of Appeals resolved Petitioner's direct appeal a month after it was filed. (Report 3.) The Supreme Court of South Carolina resolved Petitioner's PCR appeal in only three months. (Resp't's Mot. for Summ. J. Ex. 12-14.) Both appeals were dismissed on procedural grounds.

Here, Petitioner has failed to demonstrate that it is obvious that the state appellate courts will not provide relief. In his Objections, he fails to point to specific reasons why his state appeal is unlikely to succeed. He simply contends that appealing will be futile, given the deferential standard of review applied to PCR appeals. (Pet'r's Objections 6-7.) However, in his original Petition, Petitioner suggests that exhaustion would be futile because South Carolina state courts treat probable cause determinations as "a purely factual question." (Supp. to Pet. 2-3.) Because findings of fact are reviewed with deference, Petitioner insists that exhausting his state court remedies is futile.

However, Petitioner's futility argument focuses on only one issue that will be reviewed by the South Carolina Supreme Court on appeal. His ineffective assistance of counsel claim raises several other Fourth Amendment issues beyond the question of probable cause, including the question of consent to the search of his home. Moreover, the Supreme Court will review not only the facts, but also the law applied to those facts–specifically, the legal question of whether Petitioner's trial counsel was constitutionally ineffective. *See also Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."). Thus, considering the interests of comity with state courts and because the South Carolina Supreme Court has only recently been granted the opportunity to review Petitioner's case, Petitioner's argument that exhaustion would be futile is without merit.[3]

---

[3]Additionally, even if the Court were to find that exhaustion was futile and consider Petitioner's case on the merits, further development of the record would be necessary. The parties' arguments have focused almost entirely on the procedural questions surrounding

B.  *Respondent's Objections*

Respondent also filed Objections to the Report, arguing that the Magistrate Judge should have addressed its statute of limitations argument and concluded that Petitioner's petition was time-barred. The Court disagrees.

In its motion for summary judgment, Respondent argued that the Petition was barred by § 2244's one-year statute of limitations for habeas petitions because more than one year of non-tolled time elapsed between Petitioner's conviction and the filing of his federal habeas petition. In response, Petitioner argued that the statute of limitations should be tolled for a significant period of time because he was not notified of the denial of his first PCR until April 2008, a year after its denial.

Respondent contends that 669 days of non-tolled time elapsed before the time Petitioner filed his federal habeas petition. (Resp't's Mot. for Summ. J. 12.) However, this calculation depends upon the inclusion of 488 days between the time Petitioner's first PCR was dismissed on April 25, 2007,[4] and when he filed his second PCR on August 25, 2008. However, the evidence before the Court fails to support the inclusion of most of that time.

First of all, as noted above, Petitioner contends that he failed to receive notice of the denial of his first PCR until on or around April 20, 2008. The fact that Petitioner has recently been granted the opportunity to appeal the denial of his first PCR by a state court judge bolsters the merit of

---

exhaustion and the statute of limitations. Because Petitioner has only recently been granted the opportunity to appeal the denial of his PCR, according to the parties, no transcript of Petitioner's PCR exists. The state courts should be given the first opportunity to develop the record before this Court intervenes.

[4]The Order of dismissal was signed on April 20, 2007, but, by listing the date as April 25, 2007, Respondent appears to be adding time for mailing into its calculation.

Petitioner's argument that he did not receive notice of the denial of his first PCR. Thus, Petitioner has a strong argument that the statute of limitations should be tolled between April 20, 2007, and April 20, 2008.

Courts in the Fourth Circuit apply equitable tolling to the habeas statute of limitations when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Applying the *Rouse* test, the Court concludes that Petitioner is entitled to equitable tolling for the period of time between when his first PCR was denied and when he received notice of the denial, one year later. Petitioner's failure to receive notice constitutes circumstances beyond his control. *See Jones v. Va. Dep't of Soc. Servs.*, No. 1:08-166, 2008 U.S. Dist. LEXIS 85182 at *24 (E.D. Va. Sept. 10, 2008) (applying equitable toling where plaintiff failed to receive EEOC notice of dismissal). Moreover, Petitioner was reasonably diligent during the period for which he seeks equitable tolling. Specifically, Petitioner has submitted evidence demonstrating that he made three attempts to inquire into the status of his PCR between April 2007 and April 2008. *See* Pet'r's Resp. in Opp'n to Summ. J. Ex. A-D (consisting of the following exhibits: (1) letter to state court administrative judge dated June 11, 2007, (2) petition for writ of mandamus to South Carolina Supreme Court dated September 24, 2007, (3) order of dismissal from South Carolina Supreme Court undated, and (4) Order from the Court on Report and Recommendation regarding state court's failure to rule on PCR dated March 31, 2008). In light of these efforts, the Court concludes that Petitioner is entitled to equitable tolling.

Giving Petitioner the benefit of equitable tolling between April 20, 2007, and April 20, 2008, results in the subtraction of 360 days from Respondent's total of 669 days of non-tolled time. This

means that, at most, 309 days of non-tolled time elapsed between the time Petitioner's state court judgment became final and when he filed his federal habeas petition.[5] Thus, under the current posture of this case, Petitioner's petition appears timely. Therefore, Respondent's motion for summary judgment as to the statute of limitations issue will be denied.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the objections of both parties, adopts the Report and incorporates it herein to the extent it is not inconsistent with this Order. Therefore, it is the judgment of this Court that Petitioner's motion for entry of default is **DENIED**, Respondent's motion for summary judgment is **GRANTED** as to the question of exhaustion and **DENIED** as to the statute of limitations, and the case is **DISMISSED** *without prejudice* to allow Petitioner the opportunity to exhaust all state court remedies.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of March, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[5]As noted above, more time could probably be shaved off this total because Petitioner appealed the denial of his first PCR shortly after he received notice of its denial. However, as there are clearly less than 365 days of non-tolled time, the Court need not decide that issue.

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.